**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MAVERICK MEDIA GROUP, INC., et al.**

    **Plaintiffs,**

**v.**                                                                                       **Case No. 8:02-cv-947-T-23TBM**

**HILLSBOROUGH COUNTY, FLORIDA,**

    **Defendant.**
_____/

**REPORT & RECOMMENDATION**

THIS MATTER is before the court upon referral from the Honorable Steven D. Merryday for a Report and Recommendation on the parties' cross-motions for summary judgment (Docs. 91-92). A telephone status conference was conducted on November 10, 2005, to address the import of the Eleventh Circuit's recent decision to vacate the panel's opinion in Tanner Adver. Group, L.L.C. v. Fayette County, Ga., 411 F.3d 1272 (11th Cir. 2005) (hereinafter "Tanner I"), and rehear the cause en banc. See Tanner Adver. Group, L.L.C. v. Fayette County, Ga., No. 04-13210, 2005 WL 2850068 (11th Cir. Nov. 1, 2005) (hereinafter "Tanner II"). For the reasons that follow, it is recommended that the district court stay the proceedings and administratively close the file pending the en banc decision in Tanner II.

I.

This cause has a protracted history. Plaintiff Maverick Media Group, Inc., (hereinafter "Maverick") is an outdoor sign company. On May 30, 2002, it brought suit against Hillsborough County, Florida (hereinafter the "County") alleging that the County's sign regulations were unconstitutional under the First, Fifth, and Fourteenth Amendments of

the United States Constitution, both facially and as applied to Maverick.[1] (Doc. 1). The County sought to dismiss Maverick's Complaint, see (Doc. 5), and both parties moved for summary judgment, see (Docs. 18, 25). Those matters were referred to the undersigned in July 2003. For the next several months, negotiations were underway and the parties represented they would likely settle. Thereafter, settlement negotiations fell apart.

On May 13, 2004, the undersigned recommended that the County's motion to dismiss be denied as to all counts except for one. (Doc. 55). In doing so, the undersigned declined to follow the approach to standing taken in Granite State Outdoor Adver., Inc. v. City of Clearwater, Fla., 351 F.3d 1112, 116-18 (11th Cir. 2003) (hereinafter "Clearwater") (holding that the district court misapplied the overbreadth doctrine by granting the plaintiff sign company standing to challenge provisions of the ordinance that did not give rise to an injury in fact). (Doc. 55 at 14). On November 15, 2004, the district court adopted the Report and Recommendation in part, ruling that Maverick could challenge the effect on both commercial and non-commercial speech of the sign regulation's provisions forbidding off-site signs and billboards (as asserted in Counts Three, Four, Five, Eight, and Nine of the

---

[1] By its initial eleven-count Complaint, Maverick asserted the County's sign regulations were unconstitutional and invalid because they: (1) did not limit the time during which officials must grant or deny a permit; (2) gave officials limitless discretion in deciding whether a sign permit will be granted or denied; (3) contained certain provisions that constitute unreasonable, overbroad, and unduly burdensome restrictions of the freedom to speak freely; (4) permitted officials to regulate both commercial and noncommercial speech in the absence of any rationale or findings in support thereof; (5) restricted or prohibited far more speech than could ever be justified by their stated purpose or any other legitimate governmental objectives; (6) included numerous sections that favor commercial speech over noncommercial speech; (7) included numerous sections that regulated and abridged the content of noncommercial speech; (8) contained several sections that favored the commercial speech of certain businesses while prohibiting other legal and truthful commercial information; (9) denied Maverick equal protection under the law; (10) gave officials discretion to determine the content of messages by allowing the officials to add permitting requirements on a case-by-case basis without regard for the reasonableness of such requirements; and (11) operated to render Maverick's property valueless under the Fifth Amendment.

2

Complaint), but did not have standing to bring an overbreadth challenge in light of the Eleventh Circuit's holding in <u>Clearwater</u>.[2]  (Doc. 83).  That same month, the County enacted new sign regulations.  (Doc. 92, Exh. 3).  On December 3, 2004, Maverick, along with its owners (hereinafter "Plaintiffs"), filed an Amended Complaint alleging that the old sign regulations were unconstitutional under the First and Fourteenth Amendments of the United States Constitution, both facially and as applied to Plaintiffs.[3]  (Doc. 84).  In April 2005, the parties filed their instant cross motions for summary judgment (Docs. 91-92).  On June 9, 2005, the Eleventh Circuit issued its opinion in <u>Tanner I</u>.  See <u>Tanner I</u>, 411 F.3d at 1275-77 (disregarding, under the "prior precedent" or "earliest case" rule, the narrow approach to the

---

[2] Thus, the district court (1) dismissed without prejudice Maverick's claims challenging the regulation's permitting procedures (Counts One, Two, and Ten) and its Fifth Amendment takings claim (Count Eleven), and (2) dismissed Maverick's overbreadth challenges to the regulation (Counts Six and Seven).  (Doc. 83 at 5).

[3] In its twelve-count Amended Complaint, Plaintiffs allege the following: (1) the ordinance is per se unconstitutional because it favors commercial messages over noncommercial messages, particularly as related to off site signs; (2) the ordinance restricts signs' display area size, height, number, time of display, and location without regard for the free speech interests involved and these restrictions are not narrowly tailored and do not leave open ample alternatives to advertising signs; (3) the ordinance's permit requirements lack necessary procedural safeguards such as circumscribing the time in which government officials must grant or deny applications; (4) the ordinance grants government officials virtually limitless discretion in deciding whether a sign will be allowed or not; (5) several sections of the ordinance restrict fundamental methods of speech and constitute unreasonable, overbroad, and unduly burdensome restrictions on the freedom of citizens to speak freely; (6) the ordinance is constitutionally invalid because it permits government officials to regulate commercial and noncommercial speech without including a rationale or findings to support its prohibition of speech; (7) the ordinance is constitutionally invalid because it prohibits far more speech than can be justified by its stated purpose or any other legitimate governmental objectives; (8) the ordinance's prohibition of noncommercial off-site or billboard signs fails strict scrutiny; (9) several sections of the ordinance are constitutionally invalid because they favor the commercial speech of certain businesses about certain commercial topics while prohibiting other legal and truthful commercial information; (10) the ordinance impermissibly allows county officials to add permitting requirements on a case-by-case basis; (11) the ordinance violates Maverick's right to equal protection by allowing the world's two largest outdoor advertising conglomerates to erect signs identical to those for which Maverick has unsuccessfully sought to erect; and (12) certain provisions of the ordinance relating to criminal and civil liability are vague and ambiguous and thus violate due process.  (Doc. 84).

3

overbreadth doctrine employed by the court in Clearwater and holding that a plaintiff sign company may challenge an ordinance in its entirety where the plaintiff suffers an injury in fact as to a particular provision of the ordinance).

II.

As indicated above, a status conference was held to address the impact of Tanner II on the parties' cross motions for summary judgment.  Plaintiffs' counsel argued that the decision by the Eleventh Circuit to vacate Tanner I does not warrant a stay.  In particular, he urged that there was no reason to delay the court's recommendations on the parties' cross motions for summary judgment because (1) the district court already has applied Clearwater to Plaintiffs' case, which is the "worst case" scenario, (2) viable counts still exist in the absence of standing to bring an overbreadth challenge, i.e., the County's delay in processing Plaintiffs' permits, and (3) the facts of this case differ significantly from those in Clearwater. Plaintiffs' counsel conceded, however, that a decision favorable to Plaintiffs in Tanner II would result in the filing of another amended complaint with the reassertion of certain claims. When asked by the court whether he would recommend to his clients that they waive such additional claims and agree to proceed forward on the existing claims, counsel indicated he would not.  Thus, in the event of a favorable result, the court might well have to address the legals issues twice absent a stay.  The County does not oppose the entry of a stay.  While the Eleventh Circuit has not issued a briefing schedule or set the case for oral arguments, counsel for both parties were of the opinion that oral arguments would likely be scheduled in February 2006.

Upon consideration and weighing the concerns of all involved, the undersigned concludes that judicial economy weighs in favor of staying this action.  See Ortega Trujillo v.

4

Conover & Co. Communications, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000); Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran), 710 F.2d 199, 202-03 (5th Cir. 1983); Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir. 1976).  While the court is mindful of the Plaintiffs' desire to obtain an expeditious ruling on the pending motions given the lengthy history of the case, the short delay in awaiting the en banc decision may in fact be the quickest route to concluding this litigation.

### III.

Accordingly, it is **RECOMMENDED** that the court **STAY** this action pending the Eleventh Circuit's en banc decision in Tanner II and direct the Clerk to administratively close the file subject to reopening upon request of either party subsequent to the Eleventh Circuit's en banc opinion.

**Done and Ordered** in Tampa, Florida, this 15th day of November 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a de novo determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6 and M.D. Fla. R. 4.20.

Copies furnished to:
United States District Judge Steven D. Merryday
Counsel of Record